UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH HOOFNAGLE,<br><br>  Plaintiff,<br><br>  v.<br><br>SAFEWAY, INC., a Delaware corporation doing business in Washington State,<br><br>  Defendant. | NO.<br><br>**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**<br><br>**JURY DEMAND** |

COMES NOW the above-named Plaintiff, by and through his attorneys of record, Ronald J. Park and David P. Roosa of FRIEDMAN | RUBIN PLLP, and alleges as follows:

**PARTIES**

1. Plaintiff Keith Hoofnagle is a Washington State resident.

2. At all times material hereto, Plaintiff Keith Hoofnagle was a single person residing in Kitsap County, Washington.

3. Defendant Safeway, Inc., is a Delaware corporation with its principal place of business in California. Defendant is duly licensed and does business in the state of Washington, including in Kitsap County.

4. At all times material hereto, Defendant owned and operated a retail grocery store at 900 North Callow Avenue, Bremerton, Washington 98312 under the name, "Safeway." Upon information and belief, this Safeway store is known as Store 1467.

## JURISDICTION AND VENUE

5. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Plaintiff is a citizen of Washington State.

7. Based on Defendant's state of incorporation and principal place of business, Defendant is a citizen of Delaware and California.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship).

9. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

10. On January 3, 2021, Plaintiff was inside Defendant's store located at 900 North Callow Avenue in Bremerton, Washington 98312.

11. At this particular time and place, Defendant had stacked boxes in the space between two checkout aisles creating a "wall" between them.

12. Defendant left a gap in this "wall" of boxes that was the width of an ordinary doorway. Plaintiff estimates that the width of this gap measured about 36 inches.

13. When Defendant set up this "wall" of boxes, Defendant left plastic strapping from one or more of the boxes on the ground in the gap between the boxes.

14. Plaintiff did not see this plastic strapping that Defendant left lying on the ground.

15. As Plaintiff walked from one checkout aisle to the other, he walked through the gap in the "wall" of boxes.

16. As Plaintiff was walking through this gap, his left foot caught on the plastic strapping Defendant left lying on the ground.

17. As Plaintiff tried to regain his balance, his right foot also caught on the plastic strapping and caused Plaintiff to fall to the floor.

18. As a result of the fall, Plaintiff broke his left hip and suffered other injuries from which he is still recovering.

19. After the fall, Defendant told Plaintiff there were video cameras that should have recorded the incident, but Defendant has not provided Plaintiff with any such recordings.

## COUNT I

## NEGLIGENCE (PREMISES LIABILITY)

20. At all times relevant to this Complaint, Plaintiff was a business invitee of Defendant. Plaintiff went inside Defendant's store at 900 North Callow Avenue in Bremerton, Washington 98312 for a business purpose related to Defendant's business.

21. Defendant owed Plaintiff a duty to maintain its premises in a reasonably safe manner and to protect Plaintiff from dangerous conditions on its premises that it knew or should have known about.

22. Defendant breached its duty of care to Plaintiff by failing to maintain its premises in a safe condition, including by failing to inspect its premises for unsafe or dangerous conditions and by failing to remove or warn of the plastic strapping that caused Plaintiff to fall, which Defendant knew or should have known about and which posed a foreseeable danger to the safety of Plaintiff and others.

23. Defendant had actual or constructive knowledge of the dangerous condition and failed to remove or warn of the danger.

24. Defendant's breach of its duty of care to Plaintiff directly and proximately caused Plaintiff personal injury.

## DAMAGES

25. As a direct and proximate result of Defendant's negligence, Plaintiff suffered a broken hip and other injuries. Plaintiff also experienced, and continues to experience, mental and physical pain and suffering as a result of his physical injuries and the adverse impact those injuries have had on his quality and enjoyment of life.

26. Although Plaintiff has received, and continues to receive, medical treatment for his injuries, those injuries, along with the accompanying pain, discomfort, and limitations to Plaintiff's movement, will continue for an indefinite time into the future.

27. Plaintiff has incurred and will likely continue to incur medical expenses and other expenses as a result of his injuries.

28. The exact amount of damages will be proven at the time of trial.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Judgment against Defendant in an amount that will fairly compensate Plaintiff for all damages sustained in an amount to be proven at the time of trial;

2. Medical expenses Plaintiff incurred as a result of Defendant's negligence in an amount to be proven at the time of trial;

3. Compensatory damages for the injuries Defendant caused Plaintiff by its negligence, including pain and suffering, both mental and physical, and Plaintiff's loss of quality and enjoyment of life in an amount to be proven at the time of trial;

4. Other expenses Plaintiff incurred as a result of Defendant's negligence in an amount to be proven at the time of trial;

5. Plaintiff's reasonable attorney's fees, costs, and disbursements incurred in bringing this action that are allowed by rule or statute;

6. Any prejudgment interest permitted under the law, calculated at the maximum allowable amount;

7. Post-judgment interest, at the highest rate allowed by law, on the outstanding amount of the judgment from the date of the judgment and continuing until the judgment is paid in full;

8. Such other and further relief the Court deems just and equitable.

/////

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED this 8th of April, 2021.

_____
Ronald J. Park, WSBA #54372
FRIEDMAN|RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
Phone: (206) 501-4446
Fax: (206) 623-0794
rpark@friedmanrubin.com
Attorney for Plaintiff

_____
David P. Roosa, WSBA #45266
FRIEDMAN|RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
Phone: (206) 501-4446
Fax: (206) 623-0794
droosa@friedmanrubin.com
Attorney for Plaintiff