UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH HOOFNAGLE,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>SAFEWAY INC.,<br><br>　　　　　　　　Defendant. | CASE NO. C21-5254JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is Plaintiff Keith Hoofnagle's complaint against Defendant Safeway Inc. for negligence. (Compl. (Dkt. # 1).) Mr. Hoofnagle alleges that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and that "[t]he amount in controversy exceeds $75,000." (*Id.* ¶¶ 5-8.) This allegation is insufficient for the court to determine its own subject matter jurisdiction.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). If a federal court determines that it lacks subject matter

ORDER - 1

1 jurisdiction at any time during a dispute, the court must dismiss the action.  *See* Fed. R.
2 Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987).  Federal
3 diversity jurisdiction exists when a lawsuit arises between citizens of different states and
4 the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  The party invoking
5 jurisdiction must allege facts that establish the court's subject matter jurisdiction.  *Lujan*
6 *v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

7       Here, it is Mr. Hoofnagle's burden "both to allege with sufficient particularity the
8 facts creating jurisdiction, in view of the nature of the right asserted, and . . . if inquiry be
9 made by the court of its own motion, to support the allegation."  *See St. Paul Mercury*
10 *Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 n.10 (1938).  Because the court finds Mr.
11 Hoofnagle's single allegation insufficient to establish the required amount in controversy,
12 the court ORDERS Mr. Hoofnagle to provide supplemental information concerning the
13 amount in controversy within fourteen (14) days of the date of this order.  If Mr.
14 Hoofnagle fails to respond to this order or fails to provide information establishing the
15 requisite amount in controversy or some other basis for the court's exercise of subject
16 matter jurisdiction over this action, the court will dismiss this action.

17       Dated this 26th day of April, 2021.

JAMES L. ROBART
United States District Judge

ORDER - 2